| | |
|---|---|
| DELTA COUNTY DISTRICT COURT, COLORADO<br><br>Address of Court:  501 Palmer Street, #338, Delta, CO 81416<br>Phone: 970-874-6280<br>Fax: 970-874-4306 | DATE FILED: September 27, 2017 9:12 AM<br>FILING ID: D5B2EEFC34998<br>CASE NUMBER: 2017CV30100 |
| Plaintiffs:<br>JAMES PIBURN<br>and JOY GAIL PIBURN, individuals,<br><br>v.<br><br>Defendant:<br>STATE FARM FIRE & CASUALTY COMPANY, an Illinois corporation. | ▲ COURT USE ONLY ▲ |
| *Attorney for Plaintiff*:<br>  Jonathan E. Bukowski, Colorado Bar No. 45614<br>  Merlin Law Group, PA<br>  999 18th Street, Suite 3000<br>  Denver, CO 80202<br>  Telephone: 303-357-2374<br>  Facsimile: 303-357-2377<br>  E-Mail: jbukowski@merlinlawgroup.com | Case No:<br><br>Div: |
| **COMPLAINT AND JURY DEMAND** | |

**COME NOW**, Plaintiffs, James and Joy Gail Piburn, by and through their undersigned counsel, and hereby file this Complaint against their insurer, Defendant, State Farm Fire & Casualty Company, and in support of their Complaint allege and aver as follows:

## JURISDICTION AND PARTIES

1.      This is an action for damages that exceeds Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs, and attorneys' fees.

2.      At all times material hereto, Plaintiff, James Piburn, was a natural person residing in Crawford, Delta County, Colorado.

EXHIBIT A

3. At all times material hereto, Plaintiff, Joy Gail Piburn, was a natural person residing in Crawford, Delta County, Colorado.

4. At all times material hereto, Defendant, State Farm Fire & Casualty Company, was an insurance company licensed to conduct business in Crawford, Delta County, Colorado, and was doing so at all times relevant hereto, such that venue is proper pursuant to C.R.C.P. 98(c).

5. The property at issue is located in Crawford, Delta County, Colorado.

6. Jurisdiction is proper as to Defendant pursuant to C.R.S. § 13-1-124(1)(a), (b), and (d) because Defendant conducted the business at issue in this action, and contracted to insure property, within the State of Colorado. This Court also has jurisdiction pursuant to Colorado Constitution, Art. VI, § 9.

7. Venue is proper in Delta County District because the events giving rise to Plaintiffs' property damage claims, and the adjustments thereof, occurred in Crawford, Delta County, Colorado. Venue is also proper in Jefferson County District because Defendant conducted substantial business within the City of Crawford and County of Delta, Colorado. Venue is thereby proper in this Court pursuant to C.R.C.P. 98(a) and (c).

8. Plaintiffs bring this action seeking economic and non-economic damages arising from Defendant's bad faith conduct, unreasonable delay, and failure to pay in full covered benefits due and owing under Plaintiffs' first-party insurance contract.

**FACTUAL ALLEGATIONS**

9. This is an insurance case arising from Defendant's delay in providing full benefits to Plaintiffs without a reasonable basis for doing so.

10. Plaintiffs are the owners of real property located at 185 A Street, Crawford, Delta, County, Colorado 81415 ("Property").

EXHIBIT A

11. Plaintiffs purchased a residential homeowners insurance policy from Defendant under Policy Number 86-CJ-2972-7 (the "Policy") which included coverage for the Property.

12. The Policy was issued with effective dates of August 16, 2015, through August 16, 2016.

13. The Policy is a replacement cost value policy and covers loss to the Insured Property.

14. The Policy provided for $280,174.00 in Personal Property contents coverage.

15. The Policy provided for $373,565.00 in Dwelling coverage.

16. Under the Policy, Defendant is obligated to pay for direct physical loss and damage to the insured premises resulting from fire.

17. Under the Policy, Defendant agreed to adjust all losses with its insureds fairly and timely.

18. Plaintiffs paid the premiums due under the Policy in a timely manner, and performed all duties and responsibilities required of them under the Policy.

19. On or about October 2, 2015, during the Policy period, Plaintiffs suffered a loss at the insured Property due to fire.

20. On or about October 2, 2015, Plaintiffs timely reported the covered loss to Defendant.

21. On or about October 2, 2015, Plaintiffs made a claim for dwelling coverage under the Policy.

22. On or about October 2, 2015, Plaintiffs made a claim for personal property contents under the Policy.

EXHIBIT A

23. The damage sustained to the Property from the fire constituted a covered loss under the Policy.

24. The damage sustained to the Property from the fire constituted a total loss under the Policy.

25. On or about October 3, 2015, Defendant assigned adjuster, Colby Orth, to adjust the loss to the Property.

26. Despite Plaintiffs explaining to Defendant their limited understanding of computer systems, Defendant demanded that Plaintiffs complete an excel spreadsheet to document their loss of personal property contents in the Property.

27. On or about October 13, 2015, eleven (11) days after the loss, Plaintiffs again explained their limited understanding of computer systems and requested Defendant inspect the Property.

28. On or about November 28, 2015, Plaintiffs requested an update on their claims with no response.

29. On or about November 28, 2015, again requested that Defendant inspect the home to deem it a total loss with no response.

30. On or about December 29, 2015, Plaintiffs again requested an update on their claims.

31. On or about December 29, 2015, Defendant's assigned adjuster, Colby Orth, advised that the claim was being submitted for authority.

32. On or about January 7, 2016, Plaintiffs submitted their comprehensive personal property contents list which exceeded the personal property policy limits of $280,174.00.

EXHIBIT A

33. On or about January 7, 2016, three (3) months after the Property sustained a total loss, Defendant's assigned adjuster, Colby Orth, advised that the estimate of dwelling damages was completed.

34. On or about March 10, 2016, over five (5) months after the Property sustained a total loss, State Farm provided an estimate that outlined $465,302.60 in replacement cost value covered damages and $434,678.29 in actual cash value covered damages.

35. On or about March 23, 2016, nearly six (6) months after the Property sustained a total loss due to fire, Defendant issued a check for the policy limits for dwelling coverage in the amount of $373,565.00.

36. On or about July 6, 2016, nearly six (6) months after submitting a personal property contents list that exceeded policy limits, Plaintiffs requested an update on payment of their personal property contents loss.

37. On or about July 6, 2016, Defendant's assigned adjuster, Colby Orth, advised that the personal property contents list had not been adjusted and was being forwarded to Defendant's personal property contents department.

38. On or about October 2, 2016, nearly ten (10) months after submitting a personal property contents list that exceeded policy limits, Plaintiffs requested an update on payment of their personal property contents loss.

39. On or about January 5, 2017, nearly twelve (12) months after submitting a personal property contents list that exceeded policy limits, Plaintiffs requested an update on payment of their personal property contents loss.

40. On or about January 5, 2017, Defendant's assigned adjuster, Colby Orth, advised that she was "really behind" and had not adjusted Plaintiffs personal property contents list submission.

41. On or about January 5, 2017, Defendant's assigned adjuster, Colby Orth, advised that she would try to have Plaintiffs' personal property contents list submission adjusted in the next few weeks.

42. On or about February 17, 2017, over thirteen (13) months after submitting a personal property contents list that exceeded policy limits, Plaintiffs again requested an update on payment of their personal property contents loss.

43. On or about March 22, 2017, nearly fifteen (15) months after submitting a personal property contents list that exceeded policy limits, Plaintiffs received a check from Defendant in the amount of $280,174.00 for loss of personal property contents.

44. Plaintiffs have fulfilled all duties required of them under the policy after discovery of the loss.

45. Plaintiffs have performed all conditions precedent and subsequent required under the insurance Policy, or alternatively, have been excused from performance by the acts, representations, and/or conduct of Defendant.

**FIRST CLAIM FOR RELIEF**
**(Unreasonable Delay and Denial of Payment of Covered Benefits Pursuant to C.R.S §§ 10-3-1115 and 1116)**

46. Plaintiffs re-allege paragraphs 1-45 as though fully set forth herein.

47. Under Colorado Revised Statute § 10-3-1115, an insurer who delays or denies payment to an insured without a reasonable basis for its delay or denial is in breach of the duty of good faith and fair dealing.

Page **6** of **11**

EXHIBIT A

48.   Under Colorado Revised Statute § 10-3-1115, an insurer's delay or denial is unreasonable if the insurer delayed or denied authorizing payment of a covered benefit without a reasonable basis for that action.

49.   Defendant has unreasonably delayed payment to Plaintiffs. Among other objectively unreasonable actions, Defendant has committed unfair claim settlement practices including, without limitation:

(a)   Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies, as alleged above, resulting in the foreseeable consequences that Plaintiff was required to obtain professional assistance to investigate and adjust the loss and claim at substantial expense;

(b)   Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies, as alleged above, resulting in unreasonable investigation, depreciation practices and under-scoping and payment of available policy benefits;

(c)   Refusing to pay claims without conducting a reasonable investigation based upon all available information, as alleged above;

(d)   Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear, as alleged above, and instead taking unsustainable and objectively unreasonable coverage and adjusting positions;

(e)   Compelling Plaintiffs to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such Plaintiffs;

(f)   Failing to promptly settle claims, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage, as alleged above;

(g)   Misrepresenting the terms and conditions of the Policy, as shown in the, in an attempt to influence their insured's to settle for less than all benefits reasonably afforded under the Policy for the subject loss and damage;

Page **7** of **11**

EXHIBIT A

(h) Encouraging its claim representatives to engage in unfair claims settlement practices against its insured, thereby violating applicable laws and regulations of the State of Colorado.

50. Despite the Property sustaining a total loss, Defendant delayed payment of dwelling coverage for nearly six (6) months without a reasonable basis for doing so.

51. Defendant failed to properly and timely investigate the dwelling loss.

52. Defendant failed to properly update and inform Plaintiffs of the progress of the adjustment of their dwelling loss.

53. Only after continued persistence by Plaintiffs for nearly six (6) months, did Defendant finally pay the personal property contents in the amount of $373,565.00.

54. Defendant has no reasonable basis for failing to timely pay the dwelling damages timely.

55. Despite receipt of Plaintiffs' comprehensive personal property contents list on January 7, 2016, Defendant delayed payment of the personal property contents for nearly fifteen (15) months without a reasonable basis for doing so.

56. Defendant failed to properly and timely investigate the personal property contents loss.

57. Defendant failed to properly update and inform Plaintiffs of the progress of the adjustment of their personal property contents loss.

58. Defendant failed to properly and timely pay Plaintiffs' personal property contents loss for nearly fifteen (15) months after receipt of all information required to properly adjust the claim.

59. Only after continued persistence by Plaintiffs for nearly fifteen (15) months, did Defendant finally pay the personal property contents in the amount of $280,174.00.

EXHIBIT A

60. Defendant has no reasonable basis for failing to pay the personal property contents damages timely.

61. Defendant's tactics were intended to dissuade Plaintiffs in pursuing owed benefits due and owing under the terms of the policy in bad faith.

62. Colorado Revised Statute § 10-3-1116 authorizes a first-party claimant, such as Plaintiffs, whose claim for payment of benefits has been unreasonably delayed or denied to bring an action in a district court to recover reasonable attorneys' fees and court costs and two times the covered benefit.

**WHEREFORE,** Plaintiffs, Jim Piburn and Joy Gail Piburn, respectfully request this Court enter judgment against Defendant, State Farm Fire & Casualty Company for damages authorized pursuant to Colorado Revised Statute § 10-3-1116, costs, pre-judgment interest, attorneys' fees pursuant to applicable law, and such other relief as the Court deems appropriate.

## SECOND CLAIM FOR RELIEF
**Common Law Bad Faith**

63. Plaintiffs re-allege and reaffirm Paragraphs 1-62 as though fully set forth herein.

64. Under the insurance policy and Colorado law, an insurer owes its insured's the duty of good faith and fair dealing.

65. An insurer breaches its duty of good faith and fair dealing when it engages in unfair claim settlement practices.

66. Defendant has committed the above described actions willfully and with such frequency as to indicate a general business practice.

67. Defendant, its representatives, and its adjusters owed Plaintiffs the duty to act in good faith and to deal with it fairly.

EXHIBIT A

68. Defendant owed Plaintiffs the non-delegable duty to investigate its claim objectively and to not look for ways to deny benefits or attempt to not pay the full amount owed.

69. Defendant owed Plaintiffs the duty to give equal consideration to the financial interests of its insured and not to give greater consideration to its own financial interests while investigating and adjusting its insureds' claims.

70. Defendant sold Plaintiffs the Policy at issue, the intent of which was to provide benefits for covered losses that occurred during the policy period.

71. Plaintiffs have cooperated with Defendant in the processing of their claims for the covered benefits.

72. Plaintiffs have cooperated with Defendant's investigation and has not erected any obstacles to Defendant's ability to investigate and evaluate Plaintiffs claims for the covered benefits owed.

73. Defendant knew that Plaintiffs purchased the Policy to protect their property in the event of a loss.

74. Defendant knew that its decision to delay benefits owed to Plaintiffs was intentional and not accidental.

75. Defendant knew that its decision to delay benefits owed to Plaintiffs would cause emotional distress and harm to Plaintiffs.

76. Defendant knew that it owed an obligation of good faith and fair dealing to Plaintiffs.

77. As a direct and proximate result of Defendant's actions, Plaintiffs have:

(a)  incurred and will incur in the future increased costs to repair, restore and/or replace the significant property damage;

EXHIBIT A

    (b)    suffered and will continue to suffer damages as a proximate result of the misconduct alleged; and

    (c)    suffered and will continue to suffer other expenses, including loss of pre-judgment interest, attorneys' fees, appraisal costs and fees, investigatory fees, and other losses.

**WHEREFORE,** Plaintiffs, Jim Piburn and Joy Gail Piburn, respectfully request that this Court enter Judgment against Defendant, State Farm Fire & Casualty Company for damages, costs, pre-judgment interest, attorneys' fees pursuant to pursuant to applicable law, and such other relief as the Court deems appropriate.

## JURY TRIAL

78.    Plaintiffs demand trial by jury on all issues so triable.

Respectfully submitted this 27th day of September, 2017.

*/s/Jonathan E. Bukowski*
Jonathan E. Bukowski, Esq.
Colorado Bar No. 45614
MERLIN LAW GROUP, PA
999 18th Street, Suite 3000
Denver, CO 80202
Telephone: 303-357-2374
Facsimile: 303-357-2377
E-Mail: jbukowski@merlinlawgroup.com
*Attorney for Plaintiff*